UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) ANGELA LEDDY, as Personal Representative of the Estate of Christa Sullivan, Deceased,<br><br>　　　　Plaintiff,<br><br>v.<br><br>(1) OKLAHOMA COUNTY CRIMINAL JUSTICE AUTHORITY,<br>(2) BOARD OF COUNTY COMMISSIONERS FOR OKLAHOMA COUNTY,<br>(3) TURN KEY HEALTH CLINICS, LLC,<br>(4) GABRIEL CUKA, M.D.,<br>(5) MARK WINCHESTER, M.D.,<br>(6) STEPHANIE WILLIAMS, ARNP-CNP<br><br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No.: 23-cv-00295-HE<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANT GABRIEL CUKA, M.D.'S
## ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

COMES NOW Defendant Gabriel Cuka (hereinafter "Defendant" or "Dr. Cuka"), and for his Answer to Plaintiff's Amended Complaint (ECF Doc. 17), answers and states as follows:

I.　With respect to the allegations contained in Paragraph 1, 2, and 3 of Plaintiff's Amended Complaint, Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained therein; therefore, such allegations are denied at this time.

1

II. With respect to the allegations contained within Paragraph No. 4 of Plaintiff's Amended Complaint, the allegations contained therein are not directed at this Defendant; therefore, no answer is required. If such allegations are intended to be directed at this Defendant, then Defendant admits that Turn Key Health Clinics, LLC was contracted to provide certain healthcare services at the Oklahoma County Jail. Defendant is without sufficient information to form a belief as to the truth of the remaining allegations contained therein; therefore, such allegations are denied at this time.

III. With respect to the allegations contained within Paragraph 5 of Plaintiff's Amended Complaint, Defendant admits that he is a citizen of Oklahoma and was an employee of Turn Key at portions, but not all, of the times described in Plaintiff's Amended Complaint. Defendant denies all remaining allegations contained within Paragraph 5 of Plaintiff's Amended Complaint and demands strict proof thereof.

IV. With respect to the allegations contained within Paragraph Nos. 6, 7, and 8 of Plaintiff's Amended Complaint, the allegations contained therein are not directed at this Defendant; therefore, no answer is required.

V. With respect to the allegations contained in Paragraphs 9, 10, and 11 of Plaintiff's Amended Complaint, Defendant admits that jurisdiction and venue appear to be proper at this time. Defendant denies all remaining allegations, including but not limited to any allegation that he acted with deliberate indifference to the health and needs of any inmate. Defendant specifically denies that he violated the rights of any inmate, including Christa Sullivan.

VI. There are no allegations contained within Paragraph 12 of Plaintiff's Amended Complaint; therefore, no answer is required. In an abundance of caution, however, Defendant re-incorporates his previously stated answers to Plaintiff's Paragraphs 1-11 of Plaintiff's Amended Complaint in response to Paragraph 12.

VII. With respect to the allegations contained within Paragraph Nos. 13-113 of Plaintiff's Amended Complaint, Defendant denies all allegations contained therein as worded. Specifically, Defendant denies any allegations that he was deliberately indifferent to Ms. Sullivan's serious medical needs. Defendant specifically denies that Ms. Sullivan's mental health symptoms worsened under Defendant's care or to Defendant's knowledge. Defendant affirmatively denies ignoring any signs or symptoms of mental health concerns, including, but not limited to suicidal ideations. Defendant states that all care and treatment provided to Ms. Sullivan was appropriate, within the standard of care, not deliberately indifferent, and did not cause any harm or injury to Ms. Sullivan.

VIII. With respect to the allegations contained within Paragraph 114 of Plaintiff's Amended Complaint, Defendant is without sufficient information to form a belief as to the truth of the allegations contained therein; therefore, such allegations are deemed denied at this time.

IX. With respect to the allegations contained within Paragraph Nos. 115-120 of Plaintiff's Amended Complaint, Defendant denies all allegations contained therein. Specifically, Defendant denies any allegations that he wase deliberately indifferent to Ms. Sullivan's serious medical needs. Defendant specifically denies that Ms. Sullivan's mental health symptoms worsened under Defendant's care or to Defendant's knowledge.

Defendant affirmatively denies ignoring any signs or symptoms of mental health concerns, including, but not limited to suicidal ideations. Defendant states that all care and treatment provided to Ms. Sullivan was appropriate, within the standard of care, not deliberately indifferent, and did not cause any harm or injury to Ms. Sullivan.

X.  There are no allegations contained within Paragraph 121 of Plaintiff's Amended Complaint; therefore, no answer is required. In an abundance of caution, however, Defendant re-incorporates his previously stated answers to Plaintiff's Paragraphs 1-120 of Plaintiff's Amended Complaint in response to Paragraph 121.

XI.  With respect to the allegations contained within Paragraphs 122-146 of Plaintiff's Amended Complaint, the allegations contained therein are not directed at this Defendant; therefore, no answer is required. If such allegations are intended to be directed at this Defendant, then Defendant denies all of the allegations contained within Paragraphs 122-146 of Plaintiff's Amended Complaint.

XII.  With respect to the allegations contained within Paragraph 147-150 of Plaintiff's Amended Complaint, Defendant denies all allegations contained therein. Specifically, Defendant denies any and all allegations of deliberate indifference. Rather, Defendant states that the treatment of all inmates, including Christa Sullivan, was at all times and in every manner appropriate and within the standard of care and caused no harm. Defendant denies any and all allegations with under-prescribing and/or under-administering medications. Defendant denies creating any risk to the health and safety of inmates, including Christa Sullivan.

XIII. With respect to the allegations contained within Paragraph Nos. 151-177 of Plaintiff's Amended Complaint, the allegations contained therein are not directed at this Defendant; therefore, no answer is required. If such allegations are intended to be directed at this Defendant, then Defendant is without sufficient information to form a belief as to the truth of the allegations contained therein; therefore, such allegations are denied at this time. Specifically, Defendant denies that he acted with deliberate indifference to the health and needs of any inmate, including Christa Sullivan. Defendant specifically denies that he violated the rights of any inmate. Defendant further denies that any act or omission on his part proximately caused any injury or damage to any inmate, including Christa Sullivan. Rather, Defendant states that the treatment of all inmates, including Christa Sullivan, was at all times and in every manner appropriate and within the standard of care and caused no harm. Defendant further asserts that the parties referenced within Paragraph Nos. 151-177 of Plaintiff's Amended Complaint have been dismissed by this Court. *See* ECF Doc Nos. 31 and 33.

XIV. There are no allegations contained within Paragraph 178 of Plaintiff's Amended Complaint; therefore, no answer is required. In an abundance of caution, however, Defendant re-incorporates his previously stated answers to Plaintiff's Paragraphs 1-169 of Plaintiff's Amended Complaint in response to Paragraph 178.

XV. With respect to the allegations contained within Paragraph Nos. 179-182 of Plaintiff's Amended Complaint, Defendant denies all allegations contained therein. Defendant further denies that he acted with deliberate indifference to the health and needs of any inmate, including Christa Sullivan. Defendant specifically denies that he violated

5

the rights of any inmate. Defendant further denies that any act or omission on his part proximately caused any injury or damage to any inmate, including Christa Sullivan. Rather, Defendant states that the treatment of all inmates, including Christa Sullivan, was at all times and in every manner appropriate and within the standard of care and caused no harm.

XVI. There are no allegations contained within Paragraph 183 of Plaintiff's Amended Complaint; therefore, no answer is required. In an abundance of caution, however, Defendant re-incorporates his previously stated answers to Plaintiff's Paragraphs 1-182 of Plaintiff's Amended Complaint in response to Paragraph 183.

XVII. With respect to the allegations contained within Paragraph Nos. 184-189 of Plaintiff's Amended Complaint, Defendant denies all allegations contained therein. Defendant further denies that he acted with deliberate indifference to the health and needs of any inmate, including Christa Sullivan. Defendant specifically denies that he violated the rights of any inmate. Defendant further denies that any act or omission on his part proximately caused any injury or damage to any inmate, including Christa Sullivan. Rather, Defendant states that the treatment of all inmates, including Christa Sullivan, was at all times and in every manner appropriate and within thestandard of care and caused no harm.

XVIII. Regarding the *Ad Damnum* ("WHEREFORE") Paragraph of Plaintiff's Amended Complaint, Defendant denies Plaintiff is entitled to the relief sought therein and denies the applicability of punitive damages. Defendant further denies that he acted with deliberate indifference to the health and needs of any inmate, including Christa Sullivan. Defendant specifically denies that he violated the rights of any inmate. Defendant further denies that any act or omission on his part proximately caused any injury or damage to any

inmate, including Christa Sullivan. Rather, Defendant states that the treatment of all inmates, including Christa Sullivan, was at all times and in every manner appropriate and within the standard of care and caused no harm. Furthermore, Defendant generally and specifically denies all allegations and prayers for relief contained in Plaintiff's *Ad Damnum* ("WHEREFORE") Paragraph of her Amended Complaint. As discovery is incomplete, Defendant reserves the right to amend his Answer in any particular way or to add any affirmative defenses as more information becomes available through the discovery process.

## AFFIRMATIVE DEFENSES

For Affirmative Defenses. Defendant alleges and states as follows:

I.      Plaintiff's Complaint fails to state a claim against this Defendant on any grounds which relief can be granted.

II.     Defendant affirmatively asserts his right to seek sanctions in the future and recover attorney's fees and costs related to Plaintiff's counsel multiplying these proceedings based on knowingly false allegations. *See* 28 U.S.C. § 1927; *Transp. Alliance Bank, Inc. v. Arrow Trucking Co.*, 766 F. Supp. 2d 1188, 1200-1202 (N.D. Okla. Jan. 21, 2011) (Awarding attorney's fees under 28 U.S.C. § 1927 where Plaintiff "put defendant…to the trouble and expense of extensive motion practice and also required considerable time and attention" despite being "on notice" that its claim was insupportable); *Morganroth & Morganroth v. DeLorean*, 213 F.3d 1301, 1317 (10th Cir. 2000); and Fed. R. Civ. P. 11(c)(3).

III.    This Defendant did not participate in any violation of Christa Sullivan's constitutional rights.

IV. The constitutional rights of Christa Sullivan were not violated.

V. Defendant denies that he is guilty of any type of professional negligence or misconduct in the care and treatment of Christa Sullivan. Additionally, Defendant states that all care given to Christa Sullivan was at all times reasonable and within the applicable standards of care.

VI. Failure to mitigate damages.

VII. Defendant did not create, cause, implement, or enforce a policy or custom or practice that was the moving force behind Plaintiff's and/or Christa Sullivan's alleged injuries.

VIII. Plaintiff has failed to adequately set forth any facts to indicate a custom or practice of this Defendant acting with deliberate indifference toward the constitutional rights of any inmates.

IX. Punitive damages have not been properly pled and are inapplicable. Additionally, imposition of punitive damages against this Defendant would be improper, unconstitutional and would violate the rights of this Defendant under the United States Constitution and the Oklahoma Constitution. Any claim for punitive damages by the Plaintiff is barred and limited by section 9.1 of Title 23 of the Oklahoma Statutes.

X. Any care and treatment provided to Christa Sullivan was conducted with the informed consent of all necessary parties.

XI. Any and all care and treatment provided to Christa Sullivan was provided in good faith.

XII. Any damages allegedly suffered by the Plaintiff and/or Christa Sullivan were

caused by the voluntary assumption of the risk by Christa Sullivan.

XIII. Failure to join a party.

XIV. Any damages allegedly suffered by the Plaintiff and/or Christa Sullivan were caused by the acts of negligence of a person, or persons other than this Defendant, over whom this Defendant exercised no control or supervision.

XV. Any damages allegedly suffered by the Plaintiff and/or Christa Sullivan were caused by intervening or supervening causes for which this Defendant is not responsible.

XVI. Any damages allegedly suffered by the Plaintiff and/or Christa Sullivan were the result of unforeseeable or unavoidable complications due to the underlying conditions of Christa Sullivan, for which this Defendant is not responsible.

XVII. Any damages allegedly suffered by the Plaintiff and/ Christa Sullivan were caused by a pre-existing or post-developing, unrelated medical conditions, disease, illness, or infection of Christa Sullivan for which this Defendant is not responsible.

XVIII. Defendant generally and specifically adopts any and all affirmative defenses available under the United States Constitution, the Oklahoma Constitution, common law, or statutory law.

XIX. Defendant denies any agency, employee, *respondeat superior* or similar claims in Plaintiff's Amended Complaint.

XX. Plaintiff lacks the capacity to sue.

XXI. Statute of limitations.

XXII. Release.

XXIII. Waiver.

XXIV. Laches.

XXV. Setoff.

XXVI. Contribution.

XXVII. All policies, practices and customs used by this Defendant with regard to the Plaintiff and this Amended Complaint are constitutional.

XXVIII. This Defendant did not breach any legal duty to the Plaintiff and/or Christa Sullivan.

XXIX. Defendant asserts that it is immune from liability arising out of Covid-19 measures under the PREP Act, 76 O.S. § 5.9, and the Oklahoma COVID-19 Public Health Emergency Limited Liability Act.

XXX. But for Plaintiff's counsel's knowingly false allegations, Plaintiff has failed to state a claim under 42 U.S.C. § 1983.

XXXI. This Defendant specifically reserves the right to amend this Answer and to raise additional affirmative defenses pending completion of discovery and submission of a Pretrial Order.

XXXII. Defendant demands a jury trial.

WHEREFORE, having answered, Defendant, Dr. Gabriel Cuka, prays that the Plaintiff take nothing by reason of her Amended Complaint and that he be dismissed herein, with expense, costs and such other relief as the Court deems just and proper.

**JURY TRIAL DEMANDED**

Respectfully submitted,

        *s/Anamayan Narendran*
        Alexandra G. Ah Loy, OBA #31210
        Anamayan Narendran, OBA #
        HALL BOOTH SMITH, P.C.
        6301 Waterford Blvd., Ste. 200
        Oklahoma City, OK 73118
        Telephone: (405) 513-7111
        Facsimile: (405) 768-1414
        E-Mail: AllieAhLoy@hallboothsmith.com
        E-Mail: anarendran@hallboothsmith.com

        *Attorneys for Defendants Turn Key Health Clinics, LLC, Gabriel Cuka, MD, Mark Winchester, MD, and Stephanie Williams, ARNP-CNP*

## CERTIFICATE OF SERVICE

    I hereby certify that on the 6th day of November 2023, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the registered ECF parties of record:

danielsmolen@ssrok.com
bobblakemore@ssrok.com
bryonhelm@ssrok.com

        */s/Anamayan Narendran*
        ANAMAYAN NARENDRAN

11