**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| ANGELA LEDDY, as Personal Representative of the Estate of Christa Sullivan, Deceased,<br><br>Plaintiff,<br><br>v.<br><br>OKLAHOMA COUNTY CRIMINAL JUSTICE AUTHORITY, et al.,<br><br>Defendants. | Case No. 23-CV-295-HE |

**DEFENDANTS' JOINT MOTION AND BRIEF**
**IN SUPPORT OF APPLICATION FOR BILL OF COSTS**

COME NOW Defendants Turn Key Health Clinics, LLC ("Turn Key"), Gabriel Cuka, M.D. ("Dr. Cuka"), and Mark Winchester, M.D. ("Dr. Winchester"), (collectively "Defendants") in support of their Bill of Costs against Plaintiff, as the prevailing party in the above-referenced action. Defendants assert that they are entitled to be awarded costs pursuant to Federal Rules of Civil Procedure 54(d) and 28 U.S.C. § 1920. Defendants respectfully request that the Court enter an order granting their Bill of Costs, filed contemporaneously herewith.

**I. Procedural Summary**

In this action, Plaintiff alleged in her Amended Complaint that Turn Key and its agents, Dr. Cuka and Dr. Winchester, were deliberately indifferent to Decedent's medical needs in violation of the Eighth and/or Fourteenth Amendment of the U.S.

Constitution and U.S.C. § 1983. Dkt No. 17.[1] This matter was filed on April 6, 2023, in the U.S. District Court for the Western District of Oklahoma. Dkt. No. 1. Plaintiff's Original and Amended Complaint named additional defendants Oklahoma County Criminal Justice Authority("OCCJA"), the Board of County Commissioners for Oklahoma County("BOCC"), Nancy Meyer, RN ("Nurse Meyer"), and Stephanie Williams, ARPN-CNP ("Nurse Williams"). *Id.* On June 13, 2025, each remaining Defendant[2]—Nurse Williams, Turn Key, Dr. Cuka, and Dr. Winchester filed a Rule 56 Motion for Summary Judgment. Dkt. Nos. 72; 73; 74; and 75. Plaintiff filed two Motions for Time to Respond [Dkt. Nos. 80 and 82], and a Motion to Exceed Page Limit [Dkt. No. 85][3] before filing a Response to each Motion for Summary Judgment [Dkt. Nos. 87; 88; and 89] on July 30, 2025. All claims were against Nurse Williams were voluntarily dismissed by Plaintiff on August 4, 2025. [Dkt. No. 90]

Following Plaintiff's Responses and Nurse Williams dismissal, Defendants, in turn, jointly filed two Motions for Time to File Replies [Dkt. Nos. 091 and 096] that were granted [Dkt. Nos. 092 and 098], as well as a Motion to Exceed Page Limit [Dkt. No. 096] that was granted. [Dkt. No. 097]. Each Defendant filed their corresponding Replies on August 22, 2025. Dkt. Nos. 99, 100, and 101.

---

[1] In addition to Defendants, Plaintiff originally filed her Complaint and Amended Complaint against the Oklahoma County Criminal Justice Authority, the Board of County Commissioners for Oklahoma County, Nancy Meyer, and Stephanie Williams, ARPN-CNP. *See* Dkt. No. 17.

[2] BOCC's Motion to Dismiss [Dkt. No. 19] was granted [Dkt. No. 031] on August 8, 2023; OCCJA's Motion to Dismiss [Dkt. No. 20] was granted [Dkt. No. 33] on September 13, 2023; Nurse Meyer was dismissed when Turn Key's Motion to Dismiss [Dkt. No. 21] was partially granted [Dkt. No. 34] on October 23, 2023 with all claims against Nurse Meyer dismissed. .

[3] Each Motion was granted by the Court. Dkt. Nos. 81; 83; and 86.

On March 31, 2026, the Court filed an Order that granted each Defendant's Motion for Summary Judgment [Dkt. No. 104] and Judgment in favor of defendants Turn Key, Dr. Cuka, and Dr. Winchester, and against plaintiff Angela Leddy, as personal representative of the Estate of Christa Sullivan, deceased, on her claims. Dkt. No. 105. As Defendants are the prevailing party in this action, they are jointly entitled to costs in accordance with Rule 54 of the Federal Rules of Civil Procedure in the amount of $5,180.01, as set forth on the Bill of Costs and attachments thereto.

## II. Arguments and Authorities

### a. Federal Rule of Civil Procedure 54 creates a presumption that the district court will award the prevailing party its costs.

The Tenth Circuit has held that "Rule 54 creates a presumption that the district court will award the prevailing party costs." *Rodriguez v. Whiting Farms, Inc.*, 360 F.3d. 1180, 1190 (10th Cir. 2004) (citing *Cantrell v. Int'l Bhd. Of Elec. Workers*, 69 F.3d 456, 458–59 (10th Cir. 2000). "Thus the established rule is that costs are generally awarded to the prevailing party." *Id.*; *see also Zeran v. Diamond Broad, Inc.,* 2013 F.2d 1165, 1167–68 (10th Cir. 2000); *AeroTech, Inc. v. Estes*, 110 F.3d 1523, 1527 (10th Cir. 1997); *Klein v. Grynberg*, 44 F.3d 1497, 1506–07 (10th Cir. 1995); *Serna v. Manzano*, 616 F.2d 1165, 1167–68 (10th Cir. 1980). "The burden in on the non-prevailing party to overcome this presumption." *Rodriguez*, 360 F.3d at 1190; *see also Cantrell*, 69 F.3d at 458–59.

It is within the court's "sound discretion" whether or not to award the prevailing party its costs; however, when a court exercises its discretion to deny costs to a

prevailing party, "it must provide a valid reason for the denial." *Rodriguez*, 360 F.3d at 1190 (quoting *Homestake Mining Co. v. Mid-Continent Exploration Co*, 282 F.2d 787, 804 (10th Cir. 1960). Of particular note in *Rodriguez*, the district court concluded both that the case presented a close and difficult question and that the plaintiffs were indigent, but neither of those findings provided a sufficient reason to deny costs to the prevailing party. *Id.* at 1190–91. To deny a prevailing party costs would be essentially a "severe penalty," so "there must be some apparent reason to penalize the prevailing party if costs are to be denied." *Klein*, 44 F.3d at 1507.

**b. Defendants are jointly the "prevailing party."**

Rule 54 of the Federal Rules of Civil Procedure provides in part "costs other than attorney fees shall be allowed to the prevailing party." Rule 54(d)(1). As the Supreme Court has explained:

> The Court has said that the "touchstone of the prevailing party inquiry must be the material altercation of the legal relationship of the parties." This change must be marked by "judicial *imprimatur.*"

*CRST Van Expedited, Inc. v. E.E.O.C.*, 578 U.S. 419, 422 (2016) (internal citations omitted). The Court further explained that when a party secures an "enforceable judgemen[t] on the merits" or a "court-ordered consent decre[e]," that party has prevailed because they have received a "judicially sanctioned change in the legal relationships of the parties." *Id.* (quoting *Buckhannon Bd. & Care Home Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 604–05 (2001)).

Defendants are the prevailing party in this matter as the Order and Judgment entered on March 24, 2023, and March 29, 2023, respectively, materially altered the

legal relationship between Plaintiff and Defendants to the latter's benefit because each of the Defendants, Turn Key, Dr. Cuka, and Dr. Winchester, prevailed at summary judgment on the merits. Therefore, it cannot be disputed that Defendants are jointly entitled to costs under Rule 54 as the "prevailing party".

**c. As the Prevailing Party, Defendants are entitled to costs under 28 U.S.C. § 1920.**

Pursuant to 28 U.S.C. § 1920, Defendants are entitled to costs as the prevailing party. The granting of the Bill of Costs is governed by the Federal Rule of Civil Procedure 54(d)(1), which provides, in pertinent part:

> Except when express provision thereof is made either in a statute of the United States or in these rules, costs other than attorney's fees shall be allowed as of course to the prevailing party unless the court otherwise directs . . . .

Here, the Court entered an Order that granted summary judgment in favor of each of the Defendants on all federal claims made against each of them by Plaintiff, with a Judgment entered against Plaintiff. Dkt. Nos. 104 and 105. As such, Defendants are the prevailing party and are entitled to its costs. The type of items that may be recovered as costs by the prevailing party(ies) are set forth in 28 U.S.C. § 1920. Those costs include: fees of the clerk and marshal; fees for printed or electronically recorded transcripts necessarily obtained for use in making copies of any materials where copies are necessarily obtained for use in the case; docket fees under 28 U.S.C. § 1923; and compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828. *See* 28 U.S.C. § 1920(1)–(6). Each is addressed, in turn, below:

**1. Fees of the clerk and marshal:**

None incurred by Defendants.

**2. Fees for printed or electronically recorded transcripts necessarily obtained for use in this case.**

Defendant seeks to recover the amount of $4,679.21 for the costs of deposition transcripts taken by the parties in this matter. Exhibit 1, the Bill of Costs Itemization Sheet, itemizes the transcripts and costs for which Defendants seek recovery. The itemization includes the name of each witness deposed, the day each deposition was taken, and the amount sought or cost for each deposition. *See also*, Exhibit 2, Invoices; and Exhibit 3, Affidavit of Anthony C. Winter. The deponents included: Plaintiff, Angela Leddy; Karen Walker; Kevin Wagner; Eziekiel Holloway; Justin Berk, M.D.; Gabriel Cuka, M.D.; and Mark Winchester, M.D. Defendants assert that transcripts of these depositions were necessarily obtained for use in the case and Defendants are entitled to recover the costs of the same.

The Tenth Circuit has held that the costs of taking depositions are set withing the scope of 28 U.S.C. § 1920 where the depositions are reasonably necessary for the litigation. *Ramos v. Lamb*, 713 F.2d 546, 560 (10th Cir. 1983) (overruled on other grounds by *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 483 U.S. 711, 725 (1987). The Tenth Circuit further explained in *In re Williams Sec. Litig.-WCG Subclass*:

> If "materials or services are reasonably necessary for use in the case," even if they are ultimately not used to dispose of the matter, the district court "can find necessity ad ward the recovery of costs." Thus, we will not penalize a party who happens to prevail on a dispositive motion by

> not awarding costs associated with that portion of discovery which had no bearing on the dispositive motion, but which appeared otherwise necessary at the time it was taken for proper preparation of the case.

558 F.3d 1144, 1148 (10th Cir. 2009) (internal citations omitted).

Thus, the Tenth Circuit ruled that a prevailing defendant is entitled to recovery of deposition costs even if such deposition transcripts are not actually used in filing for summary judgment. In rejecting the plaintiff's argument that Section 1920 provides the award costs only for depositions the district court actually used in deciding summary judgment or designated for trial, the Tenth Circuit held:

> [A]ll § 1920 requires is that the generation of taxable materials be "reasonably necessary for use" in the case "at the time the expenses were incurred." Any "rule that permits costs only for depositions received in evidence or used by the court in ruling upon on a motion for summary judgement is narrower than [S]ection 1920." The Plaintiffs' understanding of the costs statute is thus surely flawed.

*Id.* at 1149 (internal citations omitted).

The depositions designated in the Defendant's Bill of Costs in the present case were used in the preparation of each of the Defendant's Motions for Summary Judgment [Dkt. Nos. 73; 74; and 75], as well as each Defendant's subsequent Reply Briefs [Dkt. Nos. 099; 100; and 101] in support of the same, even if not quoted directly or cited. Thus, Defendants respectfully request that they be awarded costs of deposition transcripts in the amount of $4,679.21.

**3. Fees and disbursements for printing and witnesses and fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case.**

Defendants seek to recover the amount of $500.80 for costs of obtaining necessary records for use in this case. Exhibit 1 itemizes the costs and Exhibit 2 is composed of invoices including those incurred as a result of obtaining copies of Christa Sullivan's medical records from OU Medical Center, SSMH RCO, SSM Health St. Anthony Hospital - OKC, Oakwood Springs, and St. Anthony Hospital Radiology, as well as copies of materials from the Oklahoma County Court Clerk concerning Christa Sullivan's criminal proceeding. Defendants assert that these records were necessarily obtained for used in the case and that Defendants are entitled to recover the costs of the same.

As the Tenth Circuit explained:

> We have specifically noted that the burden of justifying copy costs is not "a high one." A prevailing party need not "justify each copy it makes. All a prevailing party must do to recoup copy costs is to demonstrate to the district that, under the particular circumstances, the copies were "reasonably necessary for use in the case."

*In re Williams*, 558 F.3d at 1149.

4. **Docket fees under Section 1923 of this title:**

None incurred by Defendants.

5. **Compensation of court appointed experts, compensation of interpreters, and salaries, fees expenses, and costs of special interpretation services under Section 1828 of this title:**

None incurred by Defendants.

## CONCLUSION

Federal Rule of Civil Procedure 54 establishes a presumption that the prevailing party shall be awarded costs. Defendants are the prevailing party in this litigation

because they were awarded summary judgment against the Plaintiff. As the prevailing party, Rule 54 entitles Defendants to recovery of those costs specified by 28 U.S.C. § 1920.

WHEREFORE, for all of the reasons set forth herein, Defendants pray that their costs in the amount of $5,180.01, as set forth in their Bill of Costs filed contemporaneously with this Application, be awarded to them as the prevailing party pursuant to 28 U.S.C. § 1920–29.

Respectfully submitted,

*s/ Anthony C. Winter*
Sean P. Snider, OBA# 22307
Anthony C. Winter, OBA# 32148
JOHNSON HANAN VOSLER
HAWTHORNE & SNIDER
9801 N. Broadway Extension
Oklahoma City, OK 73114
Telephone: 405.232.6100
Facsimile: 405.232.6105
ssnider@johnsonhanan.com
awinter@johnsonhanan.com
*Attorneys for Defendants Turn Key Health Clinics, LLC; Gabriel Cuka, M.D.; and Mark Winchester, M.D.*

CERTIFICATE OF SERVICE

I hereby certify that on April 14, 2026, I electronically transmitted the attached document to the Clerk of Court using the ECF System. Based on the records currently on file in this case, the Clerk of Court will transmit a Notice of Electronic Filing to those registered participants of the ECF System.

*/s/Anthony C. Winter*
Anthony C. Winter